IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DRICKO DASHON HUSKEY,**

        Petitioner,

v.                                 **Civil Action No. 5:23-CV-302**
                                                Judge Bailey

**S. LOVETT,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On September 22, 2023, the *pro se* petitioner, Dricko Dashon Huskey ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate housed at USP Hazelton in Bruceton Mills, West Virginia, and is challenging prison disciplinary proceedings. On October 25, 2023, respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [Doc. 8]. On October 26, 2023, the undersigned issued a **Roseboro** notice, informing petitioner of his right to respond within twenty-one days. [Doc. 9]. On November 21, 2023, petitioner filed a motion, [Doc. 12], seeking an extension of time and the appointment of counsel. The undersigned denied the request for counsel, but provided petitioner with an additional twenty-eight days, or until December 14, 2023, to file his response to the respondent's Motion. [Doc. 13]. To date, petitioner has not filed a response. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make

1

proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgement be granted.

## II. Factual and Procedural History

In his petition, petitioner challenges the validity of an incident report charging him with possession of a dangerous weapon and the resulting Disciplinary Hearing Officer ("DHO") hearing.  In his first ground, he alleges that on January 31, 2023, the incident report stated that Officer R. Williams watched petitioner pull a knife-like weapon out of his right pocket and throw it to the ground.  [Doc. 1 at 5].  Petitioner contends that video footage of the incident would show that he was nowhere near the weapon and did not pull it from his pocket.  [Id. at 6].  Second, petitioner alleges that at the DHO hearing, the administration did not conduct a thorough investigation and wrote the report without reviewing video footage.  [Id. at 7].  Third, he alleges Officer R. Williams violated his rights by writing a false incident report, alleging that Williams knew petitioner did not possess a dangerous weapon.  [Id.].  For relief, he asks that the Warden be ordered to review the video footage of the incident, that the incident report be expunged, for staff to be sanctioned and fired for false statements and for misconduct, and that the Bureau of Prisons relocate petitioner to a facility closer to his home so that he does not face retaliation.  [Id. at 10].

On October 25, 2023, respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  [Doc. 8].  In the memorandum in support, respondent argues the case should be dismissed for three reasons.  First, that petitioner failed to exhaust administrative remedies; second, that petitioner received all the rights required

2

pursuant to **Wolff v. McDonnell**, 418 U.S. 539 (1974), and third, that the evidence relied upon was sufficient to support the DHO's findings. [Doc. 8-1 at 9].

### III. <u>Legal Standard</u>

A. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. **Adams v. Bain**, 697 F.2d 1213, 1219 (4th Cir. 1982); **Mims v. Kemp**, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See **Materson v. Stokes**, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

B. **Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all

doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." **Id**. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. **Id**. at 396–97.

**C.    Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

4

R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. Discussion

### A.   Exhaustion of Administrative remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available

5

administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."  *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir.2001), *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981)).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Porter*, 534 U.S. at 524.

Pursuant to *McClung*, failure to exhaust may only be excused upon a showing of cause and prejudice.  As recognized in *Carmona*, *supra*, which was cited by the Fourth Circuit in its opinion in *McClung*:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

*Carmona*, 243 F.3d at 634 (internal citations omitted).  As set forth in respondent's exhibits attached to the memorandum, while petitioner pursued remedies through the

regional level, the appeal he sent to the Central Office was rejected for not including a copy of the DHO report and petitioner did not timely resubmit his appeal.  *See* [Doc. 8-1 at 9–10].  Petitioner has not filed any response to the respondent's Motion, and it appears undisputed that he has failed to exhaust administrative remedies.  However, even if the failure to exhaust administrative remedies is excused, the petition is still subject to dismissal.

## B.     Disciplinary Hearings

The petition is subject to dismissal because petitioner received all the due process safeguards afforded to him under **Wolff v. McDonnell**, 418 U.S. 539 (1974).  The Supreme Court has identified the following due process requirements for inmate disciplinary actions:  (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; and (5) the decision-maker must be impartial.  **Wolff v. McDonnell**, 418 U.S. 539, 564–571 (1974).

Petitioner does not allege that the above due process requirements were not met, but instead contends that there was insufficient evidence to support the findings because no one involved in the disciplinary hearing reviewed video footage of the incident.  *See* [Doc. 1 at 7–8].  As respondent points out, in the sworn declaration by Kenneth Craddock,

the DHO, he indicates that at the disciplinary hearing, petitioner waived review of the video surveillance. [Doc. 8-5 at ¶ 15]. Further, regarding the sufficiency of evidence in the DHO hearing, the Supreme Court has said:

> Although **Wolff** did not require either judicial review or a specified quantum of evidence to support the factfinder's decision, the Court did note that "the provision for a written record helps to assure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental human rights may have been abridged, will act fairly." We now hold that revocation of good time does not comport with "the minimum requirements of procedural due process," unless the findings of the prison disciplinary board are supported by some evidence in the record.

**Superintendent, Massachusetts Corr. Inst., Walpole v. Hill**, 472 U.S. 445, 454 (1985) (citations omitted). Under **Hill**, "[a]scertaining whether the 'some evidence' standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is **any evidence** in the record to support the disciplinary board's conclusion." Syl. Pt. 2, **Hill** 472 U.S. 445 (1985) (emphasis added). Here, the DHO based his decision on the reporting officer's statement in the incident report, petitioner's own testimony at the DHO hearing, a memorandum by the Unit Disciplinary Committee, and a chain of custody log and photographs of the weapon. [Doc. 8-5 at 3]. By relying on statements and testimony from the reporting officer, the petitioner, and evidence regarding the weapon, and particularly in light of the fact that petitioner waived review of the video surveillance, the undersigned finds that the DHO findings clearly met the "some evidence" standard.

## V. Recommendation

For the foregoing reasons, it is hereby recommended that the Motion to Dismiss

8

or in the Alternative, Motion for Summary Judgment. [**Doc. 8**] be **GRANTED**, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: January 10, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE